IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE / JOHN DOES 1-144,<br><br>                               Plaintiffs,<br><br>         v.<br><br>CHIQUITA BRANDS INTERNATIONAL, INC.,<br>and DAVID DOES 1-10,<br><br>                              Defendants. | No. 1:07-cv-01048-PLF |

**MOTION FOR ENLARGEMENT OF TIME TO FILE REPLY BRIEF
IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT
<u>AND REQUEST FOR EXPEDITED BRIEFING ON THIS MOTION</u>**

       Defendant Chiquita Brands International, Inc. ("Chiquita") respectfully requests an enlargement of time until February 15, 2008, to file a reply brief in support of its motion to dismiss plaintiffs' Complaint, which otherwise would be due soon after the New Year.  Because of the time sensitive nature of this request, Chiquita also requests that the Court order an expedited briefing schedule for this motion whereby plaintiffs response will be due on or before Wednesday, December 26, 2007 and Chiquita's reply will be due on or before Thursday, December 27, 2007.  In support of this request, Chiquita states as follows:

       1.      On June 7, 2007, plaintiffs filed a 279-paragraph, 9-count complaint against Chiquita asserting claims of purported international law violations pursuant to the Alien Tort Statute ("ATS"), 28 U.S.C. § 1350, as well as tort claims under D.C. and Colombian law. Plaintiffs allege that they are legal heirs to 173 Colombian nationals allegedly killed by the Autodefensas Unidas de Colombia ("AUC") in Colombia.  (Compl. ¶ 1.)  The Complaint alleges,

in substance, that by making payments to the AUC, Chiquita is legally responsible for the deaths of plaintiffs' family members. (*Id.* ¶¶ 234-279.)

   2. On December 10, 2007, Chiquita filed a 45-page motion to dismiss all counts of plaintiffs' Complaint. (*See* Docket Entry #11.)

   3. Under the time provided by Local Civil Rule 7 and Federal Rule 6(e), plaintiffs' response to Chiquita's motion to dismiss is due on Monday, December 24, 2007. If plaintiffs file a response on that date, Chiquita's reply will be due on Friday, January 4, 2008. Under the current schedule, Chiquita would therefore be required, in large part, to prepare its reply during the week between Christmas and the New Year, a period during which Chiquita's lawyers had hoped to be away from the office.

   4. Moreover, even apart from the current schedule that sets briefing during the holidays, Chiquita believes that it will need significant additional time beyond the time permitted by the local rules to prepare its reply. Briefing on Chiquita's motion to dismiss requires the parties to analyze complex issues, including whether plaintiffs' claims constitute actionable violations of customary international law based upon the standards established by the Supreme Court in *Sosa v. Alvarez-Machain*, 542 U.S. 692 (2004).

   5. Although a two-week extension for the filing of the reply until January 18, 2008, would ordinarily be sufficient, counsel for Chiquita face significant scheduling conflicts during January 2008. Mr. Holder will be out of the office for most of the month due to personal commitments arranged long ago, Mr. Hall is preparing for and will begin a two-week trial in New Jersey beginning on January 15, 2008 in the matter of *Ortho-McNeil Pharmaceutical, Inc., et al. v. Barr Laboratories, Inc.*, Civil Action No. 03-CV-4678 (SRC), and Mr. Garland has substantial travel commitments in January due to an extensive pre-set deposition schedule in *In*

*re National Century Financial Enterprises, Inc. Financial Investment Litigation*, Case No. 03-md-1565-JLG-MRA (S.D. Ohio).

   6.  Accordingly, in order to accommodate Chiquita's need for additional time to prepare its reply and to accommodate counsel's unusual scheduling conflicts during January, counsel for Chiquita requested that as a professional courtesy plaintiffs' counsel consent to an extension of the due date for the reply until February 15, 2008. In exchange, counsel for Chiquita offered to consent to a similar extension of the of the due date for plaintiffs to file their opposition brief. Plaintiffs' counsel did not agree to the request and has indicated that he will oppose any extension of the due date for Chiquita's reply, even to account for the holidays.

   7.  There would be no prejudice to plaintiffs from granting the relatively short delay in completing the briefing of the motion to dismiss that is requested by this Motion. This action is one of four substantially similar ATS cases against Chiquita pending in four different federal districts; besides this District, the other ATS suits are pending in the Southern District of Florida, the District of New Jersey, and the Southern District of New York. On November 26, 2007, Chiquita filed a motion before the Judicial Panel on Multidistrict Litigation ("MDL Panel") for transfer of the other three ATS cases to this Court pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings with this case and *Sheet Metal Workers Local #218(S) Pension Fund v. Hills*, No. 1:07-cv-01957-PLF, a related shareholder derivative suit. (*See* Docket Entry #12.) Chiquita's MDL motion has been scheduled for a hearing before the MDL Panel on January 30, 2008.

   8.  Chiquita respectfully submits that it would not be efficient or appropriate for this Court to decide the motion to dismiss, in any event, until the issue of the MDL transfer is resolved, which will not be until February 2008 at the earliest. Indeed, the very purpose of the

MDL is to ensure that the common threshold legal issues presented by all of four of the ATS actions are decided by the same court in order to avoid the possibility of inconsistent rulings. For that reason, counsel for Chiquita had urged plaintiffs' counsel to agree to postpone all briefing on the motion to dismiss until the MDL issue was resolved so that if the transfer were granted, the transferee court could coordinate the briefing in all of the cases to minimize duplication and overlap, a suggestion that plaintiffs' counsel refused and which led to the filing of the motion to dismiss on December 10.

        9.        The only other ATS cases besides this one in which a responsive pleading has been filed is the action pending in the Southern District of Florida. Chiquita moved to dismiss the Florida complaint on the same day Chiquita moved to dismiss plaintiffs' Complaint – December 10, 2007. In the Florida case, counsel for the parties agreed to, and the court adopted, a briefing schedule whereby plaintiffs' opposition is due on January 15, 2008, and Chiquita's reply is due on February 15, 2008. (*See* Docket Entry #28, *Carrizosa et al. v. Chiquita Brands Int'l, Inc. et al.*, No. 07-60821-Civ. (S.D. Fla.).)

        10.        Chiquita requests that this Court order the same due date for Chiquita's reply as the Florida case, *i.e.*, that Chiquita's reply shall be due on February 15, 2008. If the extension is granted, Chiquita would have no objection to the Court granting plaintiffs additional time to file their opposition (*e.g.*, January 15, 2008, or even later). Counsel for Chiquita is not seeking an extension for the purpose of delay, but to accommodate legitimate scheduling concerns, and there would be no prejudice to plaintiffs from granting the requested extension.

        11.        Under Local Civil Rule 7 and Federal Rule 6(e), plaintiffs' opposition to this motion for an enlargement of time is not due until January 4, 2008 – the day Chiquita's reply brief would be due under the current schedule. Chiquita therefore requests that this Court

4

order an expedited briefing schedule for this motion that requires plaintiffs to respond on or before Wednesday, December 26, 2007.  Chiquita would submit a reply on or before Thursday, December 27, 2007.

WHEREFORE, Chiquita respectfully requests that the Court (1) order an expedited briefing schedule for this motion whereby plaintiffs response shall be due on or before Wednesday, December 26, 2007 and Chiquita's reply shall be due on or before Thursday, December 27, 2007; and (2) extend Chiquita's time to file a reply brief in support of its motion to dismiss plaintiffs' Complaint until February 15, 2008.

Respectfully submitted,

/s/  Eric H. Holder, Jr.

Eric H. Holder, Jr. (D.C. Bar No. 303115)
John E. Hall (D.C. Bar No. 415364)
James M. Garland (D.C. Bar No. 475509)
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C.  20004-2401
Telephone: (202) 662-6000
Facsimile: (202) 662-6291

*Attorneys for Defendant*
Dated:     December 19, 2007           *Chiquita Brands International, Inc.*

# **CERTIFICATE OF SERVICE**

I hereby certify that true and correct copies of Defendant's Motion for Enlargement of Time to File Reply Brief in Support of Motion to Dismiss Plaintiffs' Complaint and Request for Expedited Briefing on This Motion and Proposed Order were served upon:

Terry Collingsworth
International Rights Advocates
218 D Street SE (3rd floor)
Washington, D.C. 20003
Tel: (202) 347-4100

Paul Wolf
P.O. Box 11244
Washington, D.C. 20008-1244
Tel: (202) 674-9653

*Counsel for Plaintiffs*

by electronic filing under the Rules of this Court on this 19th day of December, 2007.

                                          /s/ Eric H. Holder, Jr.
                                          Eric H. Holder, Jr.
                                          *Attorney for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JANE / JOHN DOES 1-144,**<br><br>                              **Plaintiffs,**<br><br>v.<br><br>**CHIQUITA BRANDS INTERNATIONAL, INC.,**<br>**and DAVID DOES 1-10,**<br><br>                              **Defendants.** | No. 1:07-cv-01048-PLF |

[PROPOSED] ORDER

       Upon consideration of Defendant Chiquita Brands International, Inc.'s motion for an enlargement of time to file a reply brief in support of its motion to dismiss plaintiffs' Complaint, it is this ___ day of _____ 2007, hereby ORDERED that Defendant's motion is GRANTED.  Defendant's reply brief is due on or before February 15, 2008.

 

_____
PAUL L. FRIEDMAN
United States District Judge